UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOEL G. PORTER                                                          CIVIL ACTION

VERSUS                                                                       NO. 15-69-JWD-RLB

JUSTIN BECNEL AND
BRANNON OGDEN

---

### ORDER

Before the Court is Defendants' Motion for Protective Order (R. Doc. 43), filed on January 5, 2016.  On January 14, 2016, Plaintiff was granted leave (R. Doc. 48) to file an Opposition. (R. Doc. 49).  Defendants ask the Court to limit the scope of discovery to preclude Plaintiff from deposing and requesting documents from a non-party, Detective John Dauthier.  The documents sought are Detective Dauthier's phone records evidencing any calls during the month of April of 2014 with Defendants, non-party Ashley Smith or non-party Jill Craft.  For the reasons given below, Defendants' Motion for Protective Order is **DENIED**.

Defendants, Justin Becnel and Brannon Ogden, are detectives with the Baton Rouge Police Department.  After obtaining an arrest warrant, Defendants arrested Plaintiff, Joel Porter, on April 16, 2014. (R. Doc. 1 at 7-8); (R. Doc. 11-7).  According to Plaintiff, he was arrested for allegedly violating a Temporary Restraining Order on April 12, 2014. (R. Doc. 1 at 6); (R. Doc. 11-7).  The Temporary Restraining Order was allegedly issued by a state court on April 7, 2014 and precluded Plaintiff from, "among other things contacting," his former client, Ashley Smith.

(R. Doc. 1 at 6). Ms. Smith was represented by attorney Jill Craft in her state court matter against Plaintiff.

Plaintiff claims that Ms. Smith moved for the restraining order only after an April 2, 2014 meeting with members of the Baton Rouge Police Department, including Defendants and non-party, Detective John Dauthier, among others. (R. Doc. 1 at 3-4). Detective Dauthier, a member of the Baton Rouge Police Department, is the defendant in a separate and ongoing civil action filed by Plaintiff in January of 2014. *See Joel Porter v. John Dauthier*, No. 14-41 (M.D. La. filed January 17, 2014).

Plaintiff believes that Detective Dauthier orchestrated the April 2, 2014 meeting and encouraged Ms. Smith, along with Defendants, to file the restraining order against Plaintiff. (R. Doc. 1 at 3). Defendants were allegedly assigned to investigate Ms. Smith's claims of Plaintiff's harassing conduct, while Detective Dauthier was allegedly assigned as Ms. Smith's "point of contact" with the Police Department. (R. Doc. 1 at 3, 6). According to Plaintiff, Defendants "missed or ignored [] opportunities to properly investigate" Ms. Smith's claims against him because they "had an agenda to protect and help Dauthier, a fellow officer[,] and to assist [Detective Dauthier] in his efforts to try and undermine the federal lawsuit Porter filed against Dauthier by attempting to publicly discredit Porter." (R. Doc. 1 at 3).

Plaintiff further believes that after Ms. Smith alleged that Plaintiff violated the restraining order on April 12, 2014, Defendants failed to investigate the veracity of her allegations. (R. Doc. 1 at 6-7). Instead, Plaintiff claims, Defendants' motivations for obtaining the warrant and arresting Plaintiff on April 16, 2014 was to "discredit Mr. Porter and help their fellow officer, Dauthier."[1] (R. Doc. 1 at 7).

---

[1] In his Opposition, Plaintiff further suggests that Defendants "knew the warrant was without probable cause." (R. Doc. 49 at 2).

Following his arrest, Plaintiff sued Defendants for alleged constitutional violations made actionable by 42 U.S.C. § 1983 and state law claims of defamation, malicious prosecution and intentional infliction of emotional distress. (R. Doc. 1). During discovery, Plaintiff served a Rule 45 subpoena on Detective Dauthier commanding him to appear for a deposition on January 29, 2016 and to produce the following documents: (1) "records of phone calls made from [xxx-xxx-xxxx, believed to be Dauthier's personal phone number,] on April 12, 2014"; and (2) "records of all calls to or from Ashley Smith, Jill Craft, Brannon Ogden and/or Justin Becnel between April 1, 2014 and April 30, 2014." (R. Doc. 43-3 at 3).

Following service of the subpoena, Defendants filed the instant Motion for Protective Order (R. Doc. 43) under Rule 26(c) seeking to define the scope of discovery as to not include the documents and testimony responsive to the Rule 45 subpoena. Specifically, Defendants argue that the sought after information is beyond the scope of relevant discovery in this case and that the requested production would be unduly burdensome. Plaintiff responds that the discovery is "extremely relevant to this instant matter, which is actually a claim of conspiracy to falsely arrest Mr. Porter in which the conspirators were motivated by different reasons" — "Dauthier by his desire to discredit Mr. Porter's suit against him and [Defendants] by a desire to help Dauthier." (R. Doc. 49 at 4). According to Plaintiff, "The phone calls are evidence supporting the contention that [Defendants] were working with Dauthier and Dauthier was working with Smith all with the joint purpose of causing Mr. Porter's false arrest."[2] (R. Doc. 49 at 5). Finally, the discovery is relevant to Defendants' affirmative defense of qualified immunity, as it would show Defendants' actions were "not in good faith." (R. Doc. 49 at 5).

---

[2] Moreover, Plaintiff has provided exhibits and testimony from Defendant Becnel's deposition indicating that he spoke with Detective Dauthier at least 9 times on the day of Plaintiff's arrest. (R. Doc. 49 at 2, 4); (Becnel Dep., R. Doc. 49-1 at 1); (Exh. 10 to Becnel Dep., R. Doc. 49-1 at 4).

I.   APPLICABLE LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  While Rule 26 defines its general parameters, the actual scope of discovery in a given case lies within the sound discretion of the trial court. *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 724 (5th Cir. 1990).

Under Rule 26(c) "[a] party or any person from whom discovery is sought" may move the trial court for a protective order "limiting the scope of disclosure or discovery" to preclude inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D).  The moving party must establish good cause warranting issuance of the protective order. Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s good cause requirement "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Rule 45 governs the issuance of subpoenas to non-parties.  A subpoena seeking discovery from a non-party, like the one at issue here, is also subject to the discovery limitations outlined in Rule 26(b)(1).

II.   DISCUSSION

Parties have limited standing to challenge discovery sought from a non-party through a Rule 45 subpoena.  *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.").  Nevertheless, a party has

standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

Here, Defendants have moved for a protective order under Rule 26(c), rather than an order quashing the subpoena pursuant to Rule 45(d).[3]  As parties to this litigation, Defendants have standing under Rule 26(c) to seek a protective order limiting the scope of discovery.  This is true even if that protective order would foreclose the non-party's response to the Rule 45 subpoena.  This Court is the "court where the action is pending" and, therefore, the proper court to file a motion for protective order pursuant to Rule 26(c)(1).

Here, the Complaint alleges a concerted effort between Defendants and Detective Dauthier to improperly influence Ashley Smith and encourage her to pursue a restraining order against Plaintiff as part of an attempt to discredit Plaintiff following the filing of his lawsuit against Detective Dauthier.  Considering these allegations, the information sought by Plaintiff — records indicating the date and times of Detective Dauthier's conversations with Ashley Smith, Jill Craft and Defendants during April of 2014 — is directly related to the allegations in the Complaint and limited to the timeframe in which those allegations occurred.[4]  The information sought is not disproportionate to the needs of the case.  It falls within the scope of permissible discovery.

---

[3] The Court notes that any party or attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).
[4] As Plaintiff explains in his Opposition, "The scope of the [sought after] discovery has been limited to the phone bills for the . . . month of both meetings between Ashley Smith and the police department and also the month in which Mr. Porter was arrested." (R. Doc. 49 at 2).

As mentioned above, the subpoena is limited to records of phone calls made from the identified phone number on the day of Plaintiff's arrest that is the subject of this lawsuit, as well as calls made during that month to or from Defendants, Ashley Smith and/or her attorney.  The Court need not decide whether Defendants would have standing to challenge the sought discovery as unduly burdensome.  The limited scope of the records sought could hardly be considered unduly burdensome, and even assuming they are able to raise such an argument, nothing provided by Defendants in their Motion supports a different conclusion.

Other than relevancy, Defendants have not raised any substantive challenges to the requested discovery, nor have they made any assertions of privilege.  As such,

**IT IS ORDERED** that Defendants' Motion for Protective Order (R. Doc. 43) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 15, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**