UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOEL PORTER     CIVIL ACTION

VERSUS

JUSTIN BECNEL and     NO. 3:15-CV-0069-JWD-RLB
BRANNON OGDEN

## MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

The defendant, Detective Justin Becnel, respectfully submits this memorandum in opposition to the plaintiff's motion for summary judgment, along with the attached Statement of Material Facts and exhibits, denying the plaintiff's requested relief for the reasons stated in more detail as follows:

## PRELIMINARY STATEMENT

Plaintiff, Joel G. Porter, has sued Baton Rouge Police Department ("BRPD") Detective Justin Becnel and Detective Brannon Ogden for their arrest of the plaintiff on April 16, 2014 based upon a signed arrest warrant. The plaintiff has limited his Motion for Summary Judgment to the issue of liability under 42 U.S.C. 1983 against Det. Becnel.

At all times relevant to the plaintiff and to this matter, Det. Becnel and Det. Ogden performed their duties as BRPD detectives assigned to the Major Assaults Division of the Violent Crimes Unit of BRPD's Homicide Department. Based upon the facts and issues raised herein, there is no basis upon which all essential elements of liability under 42 U.S.C. 1983 have been proven against Det. Becnel. Therefore, the plaintiff's Motion for Summary Judgment, should be denied at the plaintiff's cost.

## FACTUAL BACKGROUND

Det. Becnel was assigned to Ashley Smith's report of Joel Porter violating a temporary restraining order ("TRO"), which also precluded contact by Mr. Porter's agents for Ms. Smith's protection. Another BRPD officer, Detective Sandra Watts, had been assigned to Ms. Smith's initial complaint that led to her seeking a TRO; however, Det. Watts was not at work on the day Ms. Smith reported the subsequent TRO violation. As a result of Det. Watts' absence, the Major Assaults supervisor, Lt. Donald Stoetzner, assigned the TRO violation to Det. Becnel. Upon his review of Det. Watts' reports, the signed TRO and copies of electronic messages provided by Ms. Smith during her interview confirming her account of events, Det. Becnel made a determination that the TRO had been violated. The City Court Clerk's Office faxed the return of service to BRPD establishing that service was affected upon Mr. Porter, through an attorney. Det. Becnel prepared an arrest warrant, which was signed by an independent magistrate. Det. Brannon Ogden was tasked to accompany Det. Becnel in effecting the arrest pursuant to the warrant.

## LAW AND ARGUMENT

**I.  Standards for Summary Judgment:**

The usual summary judgment burden of proof is altered in the case of a qualified immunity defense.[1] An officer need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the officer's allegedly wrongful conduct violated clearly established law.[2] The plaintiff bears the burden of negating

---

[1] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 8/17/05) (Citing *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir.2001)).
[2] *Id.*

2

the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct.[3]

Outside the qualified immunity modification, the general requirements for summary judgment are as follows: In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,*[4] the Supreme Court noted that "(w)hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . (T)he non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.' Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[5]

In short, while it is the moving party's burden to show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, once that burden is met, the non-moving party must establish the contrary proposition, usually by producing affidavits of persons with personal knowledge (not opinion, conjecture, or hearsay) setting forth specific information to be offered at trial. If the non-moving party does not demonstrate the existence of a genuine issue of material fact in dispute with respect to the disputed element of the party's case, summary judgment is appropriate.

In *Celotex Corp. v. Catrett*,[6] the Supreme Court held that Rule 56 of the Federal Rules of Civil procedure mandated entry of summary judgment against a party who fails to make such a showing after a proper motion, because the result is "a complete failure of proof concerning an essential element of a non-moving party's case (which) necessarily renders all other facts

---

[3] *Id.*; *See, e.g., Bennett v. City of Grand Prairie,* 883 F.2d 400, 408 (5th Cir.1989).
[4] 475 U.S. 574 (1986).
[5] *Id.* at 586 (emphasis in original; footnotes and citations omitted) (quoting FRCP 56).
[6] 477 U.S. 317 (1986).

immaterial."[7] In other words, the defendants' burden can be met here by "pointing out to the district court -- there is an absence of evidence to support the non-moving party's case."[8]

Finally, in *Anderson v. Liberty Lobby, Inc.*,[9] the Court completed this trilogy of Rule 56 cases by holding that: there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative summary judgment may be granted.[10]

## II. The arrest warrant states probable cause.

The arrest warrant dated April 16, 2014 provided a sufficient basis to establish probable cause as evident from the independent magistrate's evaluation and signature. The Fourth Amendment protects individuals from unfounded arrests by requiring reasonable grounds, or "probable cause," to believe a crime has been committed.[11] The plaintiff must demonstrate: (1) that Detective Becnel knowingly or recklessly omitted exculpatory information from the affidavit he submitted in support of the warrant application and (2) that "the warrant would [not have] establish[ed] probable cause" if the omitted information had been included in the affidavits.[12]

However, "[w]here an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest."[13] "[U]ndisputed evidence that an arrest was effectuated

---

[7] *Id*. at 323.
[8] *Id*. at 325.
[9] 477 U.S. 242 (1986).
[10] *Id*. at 249.
[11] *See Street v. Surdyka,* 492 F.2d 368, 372 (4th Cir.1974); *Casanova v. City of Brookshire,* 119 F.Supp.2d 639, 651 (S.D.Tex.2000).
[12] Referencing *Johnson v. Norcross*, 565 Fed.Appx. 287, 289 (5th Cir. 4/22/14) (Citing *Freeman v. Cnty. of Bexar,* 210 F.3d 550, 553 (5th Cir.2000) (citing *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978))).
[13] *Rodriguez v. Ritchey,* 556 F.2d 1185 (5th Cir.1977); *see Baker v. McCollan,* 443 U.S. 137, 139, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Simon v. United States,* 644 F.2d 490 (5th Cir.1981); *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir.), *cert. denied,* 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982).

under a facially valid arrest warrant satisfies the Fourth Amendment prerequisites and forecloses a § 1983 claim for false arrest."[14]

La. C.Cr.P. article 202 elicits, in pertinent part, when an arrest warrant's issuance may be executed:

> A. A warrant of arrest may be issued by any magistrate pursuant to this Paragraph or as provided in Paragraph D of this Article and, except where a summons is issued under Article 209 of this Code, shall be issued when all of the following occur:
> (1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any. An affidavit containing the electronic signature of the applicant shall satisfy the constitutional requirement that the testimony of the applicant be made under oath, provided that such signature is made under penalty of perjury and in compliance with R.S. 9:2603.1(D).
> (2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.[15]

Further, La. C.Cr.P. article 203 dictates the form and contents of the arrest warrant:

> The warrant of arrest shall:
> (1) Be in writing and be in the name of the State of Louisiana;
> (2) State the date when issued and the municipality or parish where issued;
> (3) State the name of the person to be arrested, or, if his name is unknown, designate the person by any name or description by which he can be identified with reasonable certainty;
> (4) State the offense charged against the person to be arrested;
> (5) Command that the person against whom the complaint was made be arrested and booked; and
> (6) Be signed by the magistrate with the title of his office.
>
> The warrant of arrest may specify the amount of bail in noncapital cases when the magistrate has authority to fix bail.[16]

---

[14] *Casanova v. City of Brookshire,* 119 F.Supp.2d 639, 652 (S.D.Tex. 2000)(citing *Baker,* 443 U.S. at 139, 99 S.Ct. 2689; *Rykers v. Alford,* 832 F.2d 895, 898 (5th Cir.1987); *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir.), *cert. denied,* 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982)).
[15] La. C.Cr.P. art. 202(A).
[16] La. C.Cr.P. art. 203.

The actions of Det. Becnel and the independent magistrate in this matter satisfied the requisite elements of La. C.Cr.P. art. 202 and 203. First, Det. Becnel analyzed the information before him, which included his interview of the victim, his review of copies of electronic messages the victim provided to him, and his review of the signed TRO.[17] Next, Det. Becnel generated an affidavit of probable cause outlining with specificity the factual basis upon which he formulated his conclusion the probable cause existed. Finally, an independent magistrate signed the warrant based upon his independent determination that the affidavit demonstrated probable cause for arrest.

Within the affidavit of probable cause, Det. Becnel provided a step-by-step explanation supporting his determination that probable cause existed.[18] In pertinent part, Det. Becnel explained that the TRO he reviewed precluded Mr. Porter from contacting the victim personally, electronically, by phone, in writing, or through a third party.[19] Det. Becnel informed the magistrate that the victim received a phone call from a female, who identified herself as Mr. Porter's attorney, to inquire into a list of names of witnesses regarding the victim's stalking allegations against Mr. Porter.[20] The victim informed the caller that she would consult with her own attorney, and requested that the caller refrain from contacting the victim again.[21] However, the caller made a second phone call and subsequent text communication after the victim requested not to be contacted that caused the victim to feel intimidated.[22]

Det. Becnel made clear within the affidavit that the victim informed him that the intimidating content involved the attorney's reference to seeking costs and attorney's fees and

---

[17] Rec. Doc. 54-3.
[18] See also Exhibit 2, Defendants' Expert Report of George J. Armbruster, Jr.
[19] *Id.*; See also Exhibit 1, Porter Deposition at 21:22-22:10 (referring to Exhibit 3 of Porter Deposition).
[20] Rec. Doc. 54-3.
[21] *Id.*
[22] *Id.*; See also Exhibit 1 (referring to Exhibit 6 of Porter Deposition).

that "cost are rising as we speak."[23] With the attorney's specific demands regarding details of the TRO/Preliminary Injunction case, it was reasonable for the victim and Det. Becnel to conclude that the caller was in fact an attorney of the plaintiff herein. Further, the affidavit explains that the victim reasonably believed that Mr. Porter attempted to intimidate her through the use of his attorney to force her to withdraw her complaint.[24] Det. Becnel confirmed the victim's account through his review of the printed copy of the electronic message provided by the victim.[25] Det. Becnel stated that the TRO protecting the victim from the plaintiff herein was issued on April 7, 2014 and would expire on April 17, 2014.[26] With the facts as provided within the affidavit of probable cause, an independent magistrate signed the arrest warrant.[27]

The plaintiff contends that the issuance of the TRO itself should have been investigated. However, there is no requirement for an arresting officer to reinvestigate the original complaint and to reexamine the initial judge's order. The proper investigation was directed toward the alleged TRO violation as provided within La. R.S. 14:79, which states, in pertinent part:

A. (1)(a) Violation of protective orders is the willful disobedience of a preliminary or permanent injunction or protective order issued pursuant to … after a contradictory court hearing, *or the willful disobedience of a temporary restraining order or any ex parte protective order* issued pursuant to R.S. 9:361 et seq., R.S. 9:372, **R.S. 46:2131 et seq.**, … *if the defendant has been given notice of the temporary restraining order or ex parte protective order by service of process as required by law*.
...
E. (1) *Law enforcement officers shall use every reasonable means, including but not limited to immediate arrest of the violator*, to enforce a preliminary or permanent injunction or protective order obtained pursuant to … after a contradictory court hearing, *or to enforce a temporary restraining order* or ex parte protective order issued pursuant to R.S. 9:361, R.S. 9:372, **R.S. 46:2131 et seq.,** … if the defendant has been given notice of the temporary restraining order or ex parte protective order by service of process as required by law.[28]

---

[23] Rec. Doc. 54-3.
[24] Rec. Doc. 54-3.
[25] *Id.*; see also Exhibit 1 at 58:2-62:3 (referring to Exhibit 6 of Porter Deposition).
[26] Rec. Doc. 54-3; See also Exhibit 1 (referring to Exhibit 3 of Porter Deposition).
[27] Rec. Doc. 54-3.
[28] (Emphasis added) La. R.S. 14:79(A), (E).

Here, the TRO was granted pursuant to La. R.S. 46:2131, *et seq.* on April 7, 2014 at 4:55 p.m. Det. Becnel explained that BRPD received confirmation of service from the Clerk's Office of the Return of Service of the TRO, which was served on April 8, 2014.[29] Articles 1313 and 1314 of the Louisiana Code of Civil Procedure do not mandate that service of process be made by personal service.

A TRO serves only as a temporary restraint on the defendant until the propriety of granting a preliminary injunction may be determined, objectively preserving the status quo until that determination.[30] It [a TRO] is issued preliminary to a hearing and wholly independent from the hearing on a preliminary injunction.[31] A TRO does not determine any controverted right, but issues as a preventative to a threatened wrong and operates as a restraint to protect the rights of all parties involved until issues and equities can be resolved in a proper subsequent proceeding.[32]

The TRO in this matter was in effect between April 7 and April 17, 2014.[33] The end-date of the TRO's enforceability was also set as the hearing date for Mr. Porter to allow him to show cause why a preliminary injunction should not issue against him upon the TRO's expiration.[34] Based upon the Clerk's faxed Return of Service to BRPD, and as evidenced from Mr. Porter's appearances in City Court regarding the TRO prior to the date of the alleged TRO violation,[35] it was reasonable for Det. Becnel to use the means he deemed necessary to enforce the TRO, as confirmed by the arrest warrant's signing. Accordingly, there was no necessity of a show cause hearing prior to Mr. Porter's arrest for the reported TRO violation.

---

[29] Rec. Doc. 54-4 at 31, 33 (Becnel Deposition page 30:10-15, 32:3-12)(referring to Exhibit 7 of Becnel Deposition).
[30] *Dauphine v. Carencro High School*, 843 So.2d 1096, 1102 (Citing *Powell v. Cox,* 228 La. 703, 83 So.2d 908, 910 (1955)).
[31] *Id.*
[32] *Id.*
[33] See Exhibit 1 (referring to Exhibit 7 of Porter Deposition).
[34] *Id.*
[35] Exhibit 1 at 32:9-33:14; 62:5-25 (referring to Exhibit 7 of Porter Deposition).

The plaintiff also contends that he had neither knowledge of nor participation in his attorney's communications. However, according to the affidavit, Ms. Smith explained to Det. Becnel that "[Mr. Porter] knew she was financially unstable and that these potential court cost [sic] could effect [sic] her ability to pursue the protective order."[36] Ms. Smith also reiterated to Det. Becnel as she had previously sworn through her Petition for Injunction and Temporary Restraining that Mr. Porter was her previous attorney.[37] As a result, it was reasonable for Det. Becnel to conclude that Mr. Porter would have known her financial situation and volunteered that information to his attorney.

The plaintiff argues that the arrest was wrongly issued because the TRO violation was eventually vacated and dismissed.[38] As it were, "[t]he determination of whether an officer has probable cause to arrest requires an exercise of his discretion. It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and the courts have indicated that in such cases those officials-like other officials who act in ways they reasonably believe to be lawful-should not be held personally liable."[39] For the reasons stated herein, Det. Becnel performed actions that were reasonable under the circumstances at the time of the arrest, and the subsequent dismissal is of no consequence.

III. **Qualified immunity cannot be excluded from Detective Becnel's defenses herein.**

The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law.[40] The plaintiff's

---

[36] Rec. Doc. 54-3.
[37] Exhibit 1 (referring to Exhibit 2, page 3 of Porter Deposition); see also Rec. Doc. 54-4 at 13-14 (Becnel Deposition pages 12:3-13:24).
[38] Rec. Doc. 54-2 at 6.
[39] *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citing *Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)(internal citations omitted)).
[40] *Pearson v. Callahan*, 555 U.S. 223, 244 (2009).

citation of *Spencer v. Staton*[41] is distinguishable as the affidavit therein contained no factual basis for probable cause.[42] A cursory review of Rec. Doc. 54-3 shows the opposite to be true here. Det. Becnel is entitled to assert all pled affirmative defenses, which includes absolute and qualified immunity.[43] Det. Becnel has not waived these affirmative defenses; and accordingly, is entitled to maintain same.

## CONCLUSION

For the reasons stated herein, the respondent, Detective Justin Becnel, respectfully prays that, the premises considered, this Court find that there exist genuine issues of material fact that preclude the granting of the plaintiff's motion for summary judgment, and that the request for judgment be denied at the plaintiff's cost.

**RESPECTFULLY SUBMITTED:**
**LEA ANNE BATSON**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
**Tedrick K. Knightshead (#28851)**
**Special Assistant Parish Attorney**
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
222 St. Louis Street Suite 902
Baton Rouge, LA 70802
Telephone: (225) 389-3114
Facsimile: (225) 389-8736
Email: tknightshead@brgov.com
mschillage@brgov.com

---

[41] 489 F.3d 658 (5th Cir. 6/15/07) (Opinion withdrawn in part on rehearing July 26, 2007).
[42] After reciting Spencer's biographical and contact information, the affidavit states nothing more than the charged offense, accompanied by a conclusory statement that Spencer assisted her husband and Zinnerman in evading Louisiana authorities. It does not supply the factual basis for probable cause necessary for issuance of an arrest warrant. *Spencer*, 489 F.3d at 661-62 (*Referencing United States v. Pofahl,* 990 F.2d 1456 (5th Cir.1993); *United States v. Brown,* 941 F.2d 1300 (5th Cir.1991)).
[43] Rec. Doc. 32 at 2-3.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was this date electronically sent to all counsel of record to the email address listed with the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 26th day of April, 2016.

                /s/ Michael P. Schillage
            **MICHAEL P. SCHILLAGE**